IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,054-04






EX PARTE GENE WILFORD HATHORN, JR.








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 6958-D IN THE 411TH JUDICIAL DISTRICT COURT


TRINITY COUNTY






 Per Curiam; Price and Holcomb, JJ., filed dissenting statements; Johnson,
J., dissents; Cochran, J., not participating. 



O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071 § 5.

 On June 27, 1985, a jury convicted applicant of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
article 37.071, and the trial court, accordingly, set punishment at death. This Court
affirmed applicant's conviction and sentence on direct appeal. Hathorn v. State, 848
S.W.2d 101 (Tex. Crim. App. 1992). Applicant filed his initial post-conviction
application for writ of habeas corpus in the convicting court on October 14, 1997. This
Court denied applicant relief. Ex parte Hathorn, Nos. WR-65,054-01, -02, and -03 (Tex.
Crim. App. Sept. 13, 2006). Applicant's first and second subsequent applications,
respectively filed in the trial court on March 17, 2006, and June 9, 2006, were dismissed
in the same order denying relief on applicant's initial application. Id. Applicant's third
subsequent application was filed in the trial court on November 13, 2007.

 Applicant presents two allegations in the instant application. Specifically, he
asserts that (1) the punishment questions given did not allow the jury to meaningfully
consider his mitigating evidence (a claim that was also raised in his initial habeas
application); and (2) the findings and conclusions entered by the trial court regarding the
claims raised in his initial habeas application are void and without effect. 

 We have reviewed the application and find that the allegations do not satisfy the
requirements of Article 11.071 § 5. Accordingly, the application is dismissed as an abuse
of the writ. Art. 11.071 § 5(c).

 IT IS SO ORDERED THIS THE 9TH DAY OF APRIL, 2008.

Do not publish